IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ANDRE DON SAVAGE** | § | |
| | § | |
| **V.** | § | **A-14-CV-824-LY** |
| | § | |
| **TEXAS WORKFORCE COMM'N, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Motion to Dismiss Plaintiff's Original Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 11. The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.   BACKGROUND**

Plaintiff Andre Don Savage alleges that he was fired from his job at Defendant Texas Workforce Commission on account of his race (he is Black) and disability (he has "chronic back pain" and "episodic flare-ups requiring intermittent leave"). Dkt. No. 1-1 at 1-3.   He has brought this suit pursuant to Title VII of the Civil Rights Act of 1964 and the American Disabilities Act. *Id*. at 1.  Defendants have filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 11. Savage has not responded to the motion. Defendants' motion was filed March 4, 2015. Under Local Rule 7-1(e)(2), Savage had 14 days to respond to the motion, *i.e.* by March 18, 2015.  The Court previously ordered Savage to respond to Defendants' motion by

June 18, 2015, and warned him that if he failed to do so, the Court could grant Defendants' motion as unopposed. Dkt. No. 15. Savage has still not filed a response. Given that Defendants' motion is dispositive, the Court will not recommend the District Court grant the motion simply because it is unopposed, but will consider the merits of the issues raised therein.

## II.  STANDARD OF REVIEW

Defendants move the Court to dismiss Savage's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is

plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009). Finally, although this Court construes the briefs of *pro se* litigants liberally, a *pro se* litigant must still comply with the court rules of procedural and substantive law. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *See also*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003).

Courts must consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming*, 281 F.3d at 161. Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

### III.  ANALYSIS

As noted, Savage has not responded to Defendants' motion to dismiss. Nonetheless, a review of Savage's complaint and attached filings makes clear that Defendants' motion should be granted on its own merit. First, Savage has failed to serve Defendants Robert Von Quintus and Joel Arevalo, and accordingly his claims against them should be dismissed. Second, Savage's Americans with Disabilities Act ("ADA") claim for damages against Defendant the Texas Workforce Commission ("TWC") should be dismissed as it is barred by sovereign immunity, thereby depriving this Court of jurisdiction. Finally, Savage's ADA claim for injunctive relief and his Title VII claim against TWC should also be dismissed, as Savage has failed state a claim upon which relief may be granted.

A.     **Failure to Serve Von Quintus and Arevalo**

By their motion, Defendants Von Quintus and Arevalo allege that they have neither been served with process by Savage, nor waived such service. Under Federal Rule of Civil Procedure 4(m), Savage had 120 days from the date he filed his complaint to serve all defendants. Under Rule 4(e), Savage could serve these defendants by delivering a summons and the complaint to either (a) the individual personally, (b) a person of reasonable age and discretion at the individual's dwelling, or (c) an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2). In the alternative, Savage could have requested that Von Quintus and Arevalo waive service. FED. R. CIV. P. (d)(1). The record indicates that Savage attempted to serve both Von Quintus and Arevalo by mailing a copy of the summons and complaint to their employer, TWC. Dkt. No. 8 at 1-3, 7-9. TWC is not authorized by either appointment or law to serve as agent for service of process to either Von Quintus or Arevalo. The record does not reflect that Von Quintus or Arevalo have waived service of process. As Savage has failed to serve these defendants within 120 days of filing his complaint, his claims against them should be dismissed without prejudice.

B.     **ADA Claims Against TWC**

Savage claims that TWC fired him because he was disabled, in violation of the ADA. Savage prays the Court provide him "a job with the Texas Workforce Commission comparable to the job" he had prior to termination, and "the salary [he] was denied due to wrongfully [*sic*] termination." Dkt. No. 1-1 at 4. Savage's claim for damages is barred by Eleventh Amendment immunity. The Eleventh Amendment prohibits suits against state agencies unless Congress abrogates such immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1983). TWC is a state agency. TEX. LAB. CODE § 301.001. Congress has not abrogated Eleventh Amendment immunity for suits for money damages based on disability. *Board of Trustees of*

*University of Alabama v. Garrett*, 531 U.S. 356 (2001). Accordingly, this Court lacks jurisdiction over Savage's claim for damages and it should be dismissed.

As Savage's request that the Court provide him "a job with the Texas Workforce Commission" is one for injunctive relief, it is not barred by Eleventh Amendment immunity. But this claim should also be dismissed, as Savage has failed to plead that he has a disability as defined by the ADA. The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102. It is not enough, then, for a plaintiff to simply state that he has a physical impairment. He must also identify the particular "life activities" that are substantially limited by that impairment. *Mora v. Univ. of Texas Sw. Med. Ctr.*, 469 Fed. Appx. 295, 297 (5th Cir. 2012) (per curiam). And when the life activity impaired "is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Id*. (quoting *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 491 (1999)). Here, Savage has stated that he suffers from "chronic back pain" and "episodic flare-ups requiring intermittent leave." Dkt. No. 1-1 at 1-3. He has not alleged that he is substantially limited in any major life activity. Accordingly, he has failed to plead that he is disabled under the ADA, and his claim should be dismissed.

**C.     Title VII Claim against TWC**

Savage also alleges that TWC fired him because he is Black, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1). Dkt. No. 1-1 at 2. In order to establish a prime facie case of discrimination under Title VII, a plaintiff must show that he

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and

(4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir.2007) (per curiam). TWC does not dispute that Savage is a member of a protected group, was qualified for the position at issue, and suffered an adverse employment action. However, Savage has not alleged that he was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside his protected group. He merely checked a box stating that TWC discriminated against him because of his race. Such "labels and conclusions" are insufficient to state a claim. *Twombly*, *supra.,* 550 U.S. at 555. Indeed, the bulk of Savage's complaint and attachments make clear that he was dismissed because he repeatedly engaged in arguments with his coworkers. Savage makes no mention of any link between his race and his termination. As Savage has not pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," his claim must be dismissed. *Iqbal, supra.*, 556 U.S. at 678.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss (Dkt. No. 11) and: (1) **DISMISS WITHOUT PREJUDICE** Plaintiff Andre Don Savage's claims against Defendants Robert Von Quintus and Joel Arevalo for failure to serve; (2) **DISMISS** Savage's claims for damages pursuant to the Americans with Disabilities Act against Defendant Texas Workforce Commission **FOR LACK OF JURISDICTION**; and (3) **DISMISS** Savage's claims for injunctive relief pursuant to the Americans with Disabilities Act and all claims brought pursuant to Title VII of the Civil Rights Act of 1964 **FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of June, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE